

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. AP-75,748

### EX PARTE JOSE ANGEL MORENO, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 1986-CR1042 FROM THE 227TH DISTRICT COURT OF BEXAR COUNTY

**KELLER, P.J., filed a concurring opinion.**

Part of the reason for enacting the subsequent writ provisions of articles 11.07 and 11.071 was to ensure that a convicted person files only one writ application, in which all claims are raised.[1] Decisions about whether to reconsider applications should be exercised in conformity with that policy. Otherwise, we open the floodgates to unlimited "suggestions to reconsider on the Court's own initiative" that are actually subsequent applications. Reconsidering an application for writ of habeas corpus after a significant passage of time should be a rare event, and should not become a

---

[1] *Ex parte Torres*, 943 S.W.2d 469, 473-74 (Tex. Crim. App. 1997)(adopts doctrine in federal practice of limiting inmate to one application except in exceptional circumstances; limits applicants to "one bite of the apple").

means of circumventing the statutes. At a minimum, two conditions should be present. First, the reconsideration must indeed involve a claim that was originally raised in the application. Second, an indisputable mistake of fact or law that the reconsideration seeks to rectify must have been made by this Court. If this Court, for example, through no fault of the applicant, overlooks a critical fact or legal claim that is in the habeas application and upon which relief should have been granted, reconsideration is an appropriate vehicle by which to correct that mistake. Or if, as here, the United States Supreme Court has held in a comparable case that our original decision with respect to the application "was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States,"[2] then we may reconsider the application in order to correct what the Supreme Court has deemed an obvious and unreasonable error.

      With these comments, I join the Court's opinion.

Filed: February 6, 2007
Publish

---

[2] *Abdul-Kabir v. Quarterman*, 127 S. Ct. 1654, 1664 (2007)(quoting 28 U.S.C. §2254(d)(1)).